Bernard ORR, Movant/Appellant,

v.

STATE of Missouri,
Respondent/Respondent.

No. 63089.

Missouri Court of Appeals,
Eastern District,
Division One.

July 20, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Sept. 8, 1993.

Application to Transfer Denied
Oct. 26, 1993.

Dave Hemingway, St. Louis, for movant/appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Millie Aulbur, Asst. Atty. Gen., Jefferson City, for respondent/respondent.

Before CRANDALL, P.J., and REINHARD and CRIST, JJ.

ORDER

PER CURIAM.

Movant appeals from the denial, without an evidentiary hearing, of his Rule 24.035 motion. We affirm. The judgment of the motion court is not clearly erroneous and no error of law appears; an extended opinion would have no precedential value. The parties have been furnished with a memorandum for their information only, setting forth the reasons for this order affirming the judgment pursuant to Rule 84.16(b).

■

STATE of Missouri, Respondent,

v.

Clyde REESE, Appellant.

Clyde REESE, Appellant,

v.

STATE of Missouri, Respondent.

Nos. 44712, 46580.

Missouri Court of Appeals,
Western District.

July 27, 1993.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 31, 1993.

Application to Transfer Denied
Oct. 26, 1993.

Laura G. Martin, Asst. Appellate Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Asst. Atty. Gen., Jefferson City, for respondent.

Before FENNER, P.J., and SPINDEN and SMART, JJ.

ORDER

PER CURIAM:

Clyde Reese appeals from the trial court's judgment finding him guilty of one count of sodomy in violation of § 566.060, RSMo 1986, two counts of rape in violation of § 566.030, RSMo 1986, and one count of sexual assault in the first degree in violation of § 566.040, RSMo 1986. Defendant Reese was sentenced concurrently to ten years for sodomy, ten years for the first count of rape, twelve years for the second count of rape, and five years for the sexual assault offense. He also appeals the judgment of the trial court denying his motion under Rule 29.15 based upon his claim of ineffective assistance of counsel.

The judgments are affirmed.